IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, Florida 32202<br><br>        Plaintiff,<br><br>v.<br><br>NIAGARA LUBRICANT CO., INC.<br>711 Northland Avenue<br>Buffalo, New York 14211<br><br>        Defendants. | CIVIL ACTION<br><br>NO.<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff CSX Transportation Inc. ("CSX") hereby files this Complaint against defendant Niagara Lubricant Co., Inc. ("Niagara"), and in support thereof states the following:

### PARTIES

1. CSX is a Virginia corporation with its principal place of business located in Jacksonville, Florida.

2. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

3. Niagara is a corporation organized under the laws of the State of New York with its principal place of business located at 711 Northland Avenue, in Buffalo, New York.

4. At all times material hereto, Niagara owned and/or operated an industrial facility located at 164 Chandler Street in Buffalo, New York ("the Facility").

## JURISDICTION

5.      Jurisdiction in this matter is based upon 28 U.S.C. § 1332(a), in as much as there is complete diversity of citizenship between plaintiff and defendant and because there exists an amount in controversy in excess of $75,000.00.

## VENUE

6.      Venue is proper in the United States District Court for the Western District of New York in that Niagara conducts business within this jurisdiction consistent with the requirements of 28 U.S.C. § 1391(a)(1) and (c).

## PREDICATE FACTS

7.      Niagara manufactured and stored various industrial products at the Facility.

8.      On July 13, 2011, at approximately 5:45 am, a fire broke out at the Facility.

9.      Shortly after it started, the fire rapidly intensified, destroying the Facility and causing the spillage of hazardous and toxic materials.

10.     CSX owns and operates railroad tracks that are used for the transportation of freight and that pass directly behind the facility.

11.     After the fire intensified, CSX was instructed by local authorities to cease all rail operations until the fire was extinguished.

12.     As a result of the fire, various hazardous petroleum products ("the Materials") migrated from the Facility onto CSX's property, impacting both rail and ballast.

13.     CSX retained emergency response contractors ("the Contractors") for the purpose of doing what was necessary and required to contain Niagara's hazardous material which had migrated onto CSX's property, remediating the impacted ballast, testing for contamination, and disposing of all waste products.

14. The Contractors submitted invoices to CSX for their services in containing and remediating CSX's property affected by the hazardous products from Niagara's facility in the total amount of $305,832.98.

15. CSX has paid the Contractors in full.

### COUNT I – NEGLIGENCE

16. CSX incorporates paragraphs 1 – 16 above as if fully set forth herein.

17. Niagara had a duty to maintain its facility in such a manner so as to reduce, minimize or eliminate the risk of fire.

18. Niagara had a duty to install or maintain a fire response and suppression system at its facility in such manner so as to reduce, minimize or eliminate the risk of fire.

19. Niagara had a duty to store its hazardous Materials in such a manner so as to reduce, minimize or eliminate the risk of their release from the Facility in the event of fire.

20. Niagara failed to maintain the Facility in such a manner so as to reduce, minimize or eliminate the risk of fire.

21. Niagara failed to install or maintain a fire response and suppression system at its facility in such manner so as to reduce, minimize or eliminate the risk of fire.

22. Niagara failed to store its hazardous Materials in such a manner so as to reduce, minimize or eliminate the risk of their release from the Facility in the event of fire.

23. Niagara's negligence was a direct and proximate cause of the fire.

24. Niagara's negligence was a direct and proximate cause of the intensity of the fire.

25. Niagara's negligence was a direct and proximate cause of the migration and spillage of hazardous products from its Facility onto CSX's property.

26. As a result of the spread and spillage of hazardous products from Niagara's property on to its property, CSX was forced to incur costs in the amount of $268,332.98 to remove those products and to remediate its property.

WHEREFORE, Plaintiff CSX Transportation, Inc., demands judgment on its Complaint against Defendant Niagara Lubricant Co., Inc., and that it be awarded monetary damages in the amount of no less than $305,832.98, together with interest, expenses, court costs, attorney's fees, and other costs of suit incurred in the litigation of this matter, and for such other and further relief as the court deems just and proper.

### COUNT II – NEGLIGENCE UNDER THE DOCTRINE OF *RES IPSA LOQUITUR*

27. CSX incorporates all allegations set forth in the above paragraphs as if fully set forth herein.

28. The release of hazardous, noxious and contaminant Materials onto CSX's tracks from Niagara's property is an event which ordinarily does not occur in the absence of negligence.

29. The release of the Materials onto CSX's tracks was caused by an act, omission, or instrumentality within the exclusive control of Niagara.

30. The release of the Materials onto CSX's tracks was not the result of any voluntary act or contribution on the part of CSX.

31. As a result of the presence of hazardous petroleum products on its property, CSX incurred costs in the amount of $305,832.98 to remove those products and to remediate its property.

WHEREFORE, Plaintiff CSX Transportation, Inc., requests judgment for damages on its Complaint against Defendant Niagara Lubricant Co., Inc., in the amount of $305,832.98,

together with interest, expenses, court costs, attorney's fees and other costs of suit incurred in the litigation of this matter; and for such other and further relief as the court deems just and proper.

## COUNT III – PRIVATE NUISANCE

32. CSX incorporates all allegations set forth in the preceding paragraphs as if fully set forth herein.

33. The spread and spillage of hazardous and noxious products from Niagara's Facility onto CSX's property substantially interfered with CSX's right to use and enjoy its property.

34. The presence of hazardous and noxious products on CSX's property was unreasonable.

35. The spread and spillage of hazardous and noxious products from Niagara's Facility to CSX's property was caused by the negligent acts and/or omissions of Niagara.

36. CSX was forced to incur costs in the amount of $305,832.98 to restore its property to its condition before the fire.

WHEREFORE, Plaintiff CSX Transportation, Inc., demands entry of judgment for damages as set forth in its Complaint against Defendant Niagara Lubricant Co., Inc., in the amount of $305,832.98, together with interest, expenses, court costs, attorney's fees and other costs of suit incurred in the litigation of this matter, and for such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

By:  WALSH, ROBERTS & GRACE
/s/ Keith Bond
Keith Bond
WALSH, ROBERTS & GRACE
400 Rand Building
14 Lafayette Square
Buffalo, NY 14203-1928
kbond@walshrobertsgrace.com
Telephone: (716) 856-1636

and

**KEENAN COHEN & HOWARD, P.C.**

Paul D. Keenan
Charles L. Howard
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
pkeenan@freightlaw.net
choward@freightlaw.net
Telephone:   (215) 609-1110
Facsimile:   (215) 609-1117

Dated: June ___, 2012

Attorneys for Plaintiff
CSX Transportation, Inc.