UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.

NIAGARA LUBRICANT CO., INC.,

        Defendant.

**DECLARATION**

12-CV-00540 EAW

───────────────────────────────────────

I, MARK C. DAVIS, make this Declaration under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law duly licensed to practice in the State of New York and this Court. I am associated with the law firm of Lippes Mathias Wexler Friedman LLP, attorneys for Niagara Lubricant Co., Inc. ("Niagara Lubricant") in this action. As such, I am fully familiar with the facts and circumstances of this matter as hereinafter set forth.

2. This Declaration provides Niagara Lubricant's position regarding prejudgment interest requested pursuant to this Court's previous Order (Doc. 103).

3. During the course of the trial, Plaintiff CSX Transportation, Inc. ("CSX") called numerous witnesses to testify about the work performed and the costs incurred by CSX following the subject fire.

4. However, none of CSX's witnesses (including Ed Berlin, who is responsible for accounts receivable and litigation at CSX) provided any testimony to establish dates certain on which CSX actually incurred the costs.

5.     In fact, CSX did not introduce any evidence at trial establishing dates certain on which any invoices were paid by CSX.

6.     However, CSX cannot dispute the fact that it paid the subject invoices on various dates.

7.     The Second Circuit has held that where damages are incurred at various times, Courts have wide discretion in determining a reasonable date from which to award pre-judgment interest.

8.     Given CSX's complete failure to introduce any evidence at trial regarding the appropriate date from which to calculate interest, Niagara Lubricant respectfully requests that this Court exercise its wide discretion and select July 21, 2015 as the appropriate date.

9.     This is the date the parties executed and filed a stipulation regarding Niagara Lubricant's liability for the damages related to the subject fire (Doc. 94).

10.    This is the date on which the parties finally agreed Niagara Lubricant would be liable for any amount of damages awarded by the jury.

11.    On August 4, 2015, the jury in this case awarded $256,000 in damages.

12.    The jury's verdict did not apportion any amount of the damages awarded to any specific invoice.  As a result, it is impossible to determine the precise date on which to begin calculating prejudgment interest.

13.    To select a date earlier than July 21, 2015 would be nothing more than mere guesswork and speculation.

## CONCLUSION

14. For these reasons, and those in the accompanying memorandum of law, Niagara Lubricant respectfully requests this Court determine July 21, 2015 to be the appropriate and reasonable date from which to award prejudgment interest.

DATED:   August 21, 2015
         Buffalo, New York


                         /s/ *Mark C. Davis*
                             Mark C. Davis